1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   TYQUAN KNOX,                    Case No. CV 16-9481 JAK (SS)

12              Petitioner,          **ORDER ACCEPTING FINDINGS,**
                                     **CONCLUSIONS AND RECOMMENDATIONS**
13       v.                          **OF UNITED STATES MAGISTRATE JUDGE**

14   RAYMOND MADDEN, Warden,

15              Respondent.

16

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the

18   Petition, all the records and associated files, and the Report and

19   Recommendation ("R&R") of Magistrate Judge Segal. After having made

20   a de novo determination of the portions of the Report and

21   Recommendation to which Objections were made, the Court concurs

22   with and accepts the findings and conclusions of the Magistrate

23   Judge.

24

25        Petitioner objects that the opinion of the California Court

26   of Appeal on habeas corpus review is not entitled to AEDPA deference

27   because it addressed a claim, i.e., sufficiency of the evidence,

28   that Petitioner did not raise before the state courts. (Objections

at 4). The Court disagrees. In his habeas corpus petition to the California Court of Appeal, Petitioner repeatedly raised arguments based on the claimed weakness of the evidence against him. (See First Amended Petition, Exh. 3 at 11, 39, 59, 72.) In response, the California Court of Appeal noted that "the question whether the evidence was sufficient to support [P]etitioner's convictions was raised and rejected on appeal." (Lodgment 6 at 1; see also Lodgment 3 at 9-16). This record confirms that the Court of Appeal properly addressed the sufficiency of the evidence claim and its decision is entitled to deference.

Petitioner also objects to several findings in the factual background section of the R&R, which was taken from the findings of fact by the California Court of Appeal on direct review. (See Objections at 1-4; R&R at 4-14; Lodgment 3 at 2-8). Although Petitioner may prefer his version of the facts, he has not shown by clear and convincing evidence that the facts taken from the opinion of the California Court of Appeal on direct review were incorrect.[1] See Sophanthavong v. Palmateer, 378 F.3d 859, 866 (9th

_____

[1] For example, Petitioner complains about the statement that Petitioner "approached [Donovan] Dias and said, 'What you got? Give me what you got.'" (Objections at 1 (citation and internal quotation marks omitted); see also R&R at 4; Lodgment 3 at 2). Petitioner asserts that "[i]f the testimony of Dias is to be believed, it was not Petitioner who approached and robbed him." (Objections at 1). However, at Petitioner's third trial, Dias specifically identified Petitioner as the person who approached him, told him "Give me what you got[,]" and robbed him. (Reporter's Transcript ("RT") 19271-73; see also RT 18652-57 (Khristina Henry's testimony that Petitioner said to Dias "'What you got? Give me what you got'" before Petitioner robbed Dias). Similarly, Petitioner objects to the statement "'According to Henry, . . . [Petitioner] and the other man [who robbed Henry] then walked to [Ryan] Betton.'" (Objections at 3 (citation omitted); R&R at 5;

2

Cir. 2004) ("Clear and convincing evidence" within the meaning of § 2254(e) "requires greater proof than preponderance of the evidence" and must produce "'an abiding conviction'" that the factual contentions being advanced are "'highly probable'" (citation omitted)). Consequently, this Court is entitled to rely on the statement of the facts presented in the opinion of the Court of Appeal.

The R&R rejected Petitioner's suggestive identification claim on several grounds. (R&R at 17-26). Petitioner disagrees with each of them. (Objections at 6-13). Petitioner's Objections lack merit. The R&R concluded there was no clearly established federal law extending Neil v. Biggers, 409 U.S. 188 (1972), and its progeny to situations, such as the one presented by Petitioner's case, where an initial identification occurred at a preliminary hearing. (R&R at 20-22). Petitioner challenges this finding, but fails to cite any clearly established federal law contrary to the conclusion in the R&R. To the extent Petitioner has relied on Ninth Circuit cases to support his argument, as the R&R explained, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'" Glebe v. Frost, 135 S. Ct. 429, 431 (2014) (per curiam); Kernan v. Cuero, 138 S. Ct. 4, 9 (2017) (per curiam); (see R&R at 22 n.9).

---

Lodgment 3 at 2). However, Henry testified that when Petitioner and the other man left after robbing her and Dias, they walked over to the area where Betton was located. (RT 18658).

3

Petitioner also objects to the conclusion of the R&R that Dechanne Lane's preliminary hearing identification of Petitioner as Pamela Lark's killer did not involve police misconduct. (Objections at 9-11; R&R at 22-24). Petitioner argues that misconduct occurred when law enforcement officers "engineer[ed]" Lane's preliminary hearing identification by failing to show Lane a six-pack photographic lineup containing Petitioner's photograph prior to the preliminary hearing. (Objections at 9-10). This argument conflicts with Perry v. New Hampshire, 565 U.S. 228 (2012), which held that "the Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances arranged by law enforcement." Id. at 248. The term "arrange" discussed in Perry assumes action, not inaction. Further, Petitioner fails to cite any pertinent authority to support his argument, which would largely vacate Perry's holding because it will almost always be possible to frame an argument in terms of police inaction.[2] Petitioner also suggests that a police officer related to Lane may

_____

[2] In Perry, a witness called police to report an African-American male was trying to break into cars parked in a parking lot, the police responded and detained Perry in the parking lot, and when another officer went to the witness's apartment building to obtain a further description of the man the witness had seen, the witness "pointed to her kitchen window and said the person she saw breaking into [the] car was standing in the parking lot, next to the police officer." Perry, 565 U.S. at 233-34. Under these circumstances, Perry conceded that law enforcement did not arrange the suggestive circumstances of his identification. Id. at 240. However, under Petitioner's theory, Perry could have argued, for instance, that the police "engineered" the witness's identification of him by detaining him in the parking lot rather than in a police car or somewhere else where the witness could not see him from her window.

have either directly or indirectly communicated his view to Lane that Petitioner killed Lark (see Objections at 6-7, 10), but such unsubstantiated speculation does not provide a ground for habeas relief. Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (per curiam); Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir. 1981) (per curiam).

Petitioner's remaining arguments relating to Ground One are also without force. Contrary to Petitioner's contention, "the safeguards generally applicable in criminal trials," Perry, 565 U.S. at 248, that are discussed in the R&R (see R&R at 24-25) necessarily relate to trial proceedings, and not to the purportedly defective pretrial identification. See Perry, 565 at 244-48. Finally, as the R&R explains, it was reasonable for the state court to conclude that Lane's in-court identification of Petitioner was sufficiently reliable for the jury to consider. Manson v. Brathwaite, 432 U.S. 98, 114-16 (1977); Simmons v. United States, 390 U.S. 377, 385 (1968); see also United States v. Carbajal, 956 F.2d 924, 929 (9th Cir. 1992) (in-court identification reliable when the witness was able to observe the perpetrator from a couple of feet away for 30 seconds, and the witness was certain the defendant was the perpetrator).

Petitioner also objects to the rejection in the R&R of his claim that his trial counsel provided ineffective assistance when she declined to call Keeairra Dashiell as a defense witness at Petitioner's third trial. (Objections at 14-16). Petitioner argues that calling Dashiell as a defense witness would have allowed counsel to challenge the prosecution's argument that no

one other than Petitioner had a motive to kill the victim, because Dashiell previously stated that she had such a motive. (Id.). Petitioner's contention lacks merit. The R&R explained, inter alia, that Dashiell's honesty and credibility were substantial issues at Petitioner's first two trials, and that "while Dashiell conceded at Petitioner's first trial that she had a motive to kill Lark (RT 2233), it is quite clear she was not the shooter." (R&R at 38-40 & ns.23-24). Moreover, as the R&R concluded, it was entirely reasonable for defense counsel to decline to call Dashiell as a defense witness given that: (1) her prior testimony clearly implicated Petitioner as Lark's killer; (2) the potentially beneficial portions of Dashiell's testimony regarding Justin were entirely uncorroborated; (3) defense counsel could reasonably have been concerned that calling Dashiell as a defense witness could have damaged defense counsel's credibility with the jury; and (4) defense counsel could reasonably have been concerned that the jury would ignore Dashiell's uncorroborated and inconsistent testimony about Justin -- and Dashiell's statement regarding motive given that she clearly was not the shooter -- while crediting those portions of Dashiell's testimony implicating Petitioner. (See id. at 28-40). In short, defense counsel made a reasonable tactical decision when she decided not to call Dashiell as a defense witness at Petitioner's third trial. (See R&R at 34-40).

Petitioner's remaining objections are without merit for the reasons set forth in the R&R. (See Objections at 16-22; R&R at 45-66).

For the foregoing reasons,

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and on counsel for Respondent.

**IT IS SO ORDERED.**

Dated: January 3, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE